**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARAH ROTENBERG, | |
| Plaintiff, | Civ. No. 12-2155 (FLW) |
| v. | **OPINION** |
| LAKE CHARTER BUS CORP., *et al.*, | |
| Defendants. | |

Before the Court is an Amended Complaint filed by Plaintiff Sarah Rotenberg ("Plaintiff") against multiple defendants arising out of injuries Plaintiff allegedly sustained from being hit by a car in a parking lot where she was preparing to board a charter bus. Defendant Lake Charter Bus Corp. ("Lake Charter") has filed a motion for summary judgment on all claims in the Amended Complaint, and Defendant Chevra Shas, d/b/a The Capitol Motel ("Chevra Shas") has filed a cross-motion for summary judgment. This Court has jurisdiction over the claims in the Amended Complaint because Plaintiff is a citizen of New York and all Defendants are citizens of New Jersey, and the amount in controversy exceeds the statutory requirement. 28 U.S.C. § 1332. For the reasons that follow, the Court grants Lake Charter's motion for summary judgment, and further grants Chevra Shas' cross-motion for summary judgment.

I.  **BACKGROUND**

The facts underlying Plaintiff's claims are not complicated and are largely undisputed.[1] Lake Charter is a common carrier charter bus operator that for several years has operated a daily bus service between the primarily Orthodox Jewish community in the town of Lakewood, New Jersey, and Brooklyn, New York. *See* Pl. Facts, ¶¶ 9-11; Chevra Shas Facts, ¶¶ 4,8. Since at least 2005, Lake Charter's Lakewood-Brooklyn service has stopped in or near property located at 325 7th Street, Lakewood, which includes a building named the Capitol Motel, a parking lot, and adjacent sidewalks and curbs (the "Capitol Motel"), of which Chevra Shas is the owner. Lake Charter Facts, ¶ 3, 15, 26; Chevra Shas Facts, ¶¶ 2-4, 14-16. Chevra Shas is a non-profit organization that was formed "to provide for facilities and to promote the education in secular orthodox Jewish studies, including but not limited to synagogue services, day camp facilities and such other activities for all attendant charitable purposes." Chevra Shas Facts, ¶¶ 6-8. Lake Charter had no formal arrangement with Chevra Shas for the use of the Capitol Motel property: Chevra Shas knew of Lake Charter's use of the Capitol Motel parking lot as a loading/unloading zone for its bus service for some time; however, that is the extent of Chevra Shas' interaction with Lake Charter. Lake Charter Facts, ¶¶ 27-32; Chevra Shas Facts, ¶¶ 14-16. It is in this parking lot that the accident supporting Plaintiff's Amended Complaint occurred. Pl. Facts, ¶¶ 2-8.

On the night in question, August 14, 2010, Plaintiff was returning to her Brooklyn home via the Lake Charter bus service after visiting her sister, Defendant Chana

---

[1] On these motions for summary judgment, the Court draws on the parties' L. Civ. Rule. 56.1 statements of undisputed material facts, citing thereto; additional or disputed facts will be noted when appropriate, and cited to the record accordingly.

Shereshevsky ("Shereshevsky"),[2] at her sister's home in Lakewood, New Jersey to observe the Jewish Sabbath. Pl. Facts, ¶¶ 1-2; Lake Charter Facts, ¶¶ 1, 3-4, 14; Chevra Shas Facts, ¶ 31; Chevra Shas Counter. Facts, ¶¶ 29-30. Around approximately 10:00 p.m., Shereshevsky drove Plaintiff from Shereshevsky's home in Lakewood to the Capitol Motel for Plaintiff to board a Lake Charter bus to return to her home in Brooklyn. Pl. Facts, ¶ 2. Shereshevsky drove her car into the parking lot of the Capitol Motel, pulled into a marked parking stall, and parked her car; the Lake Charter bus had not yet arrived at the Capitol Motel at that time, and so Plaintiff decided to continue to wait in Shereshevsky's car. Pl. Facts., ¶¶ 2-5.

Shortly thereafter, a Lake Charter bus pulled into the parking lot and parked behind Shereshevsky's parked car. *Id.* at ¶ 4; Chevra Shas Facts, ¶¶ 31-32; *see also* Lake Charter Mot. Sum. Judg., Ex. K, 10 (police report diagram of accident scene). Both Plaintiff and Shereshevsky then exited the car; Shereshevsky helped Plaintiff remove her luggage from the car's trunk and then returned to the driver seat while Plaintiff walked from the rear of the car to the parked Lake Charter bus, joining a group of other individuals waiting for the bus. Pl. Facts, ¶¶ 5-6; Lake Charter Facts, ¶¶ 16-17. These individuals were located in the space in the Capitol Motel parking lot between Shereshevsky's and other parked cars and the parked bus. Pl. Facts, ¶¶ 5-6; *see also* Lake Charter Mot. Sum. Judg., Ex. K, 10. At some point after Plaintiff had left the car, but before she or other individuals had boarded the still-parked bus, Shereshevsky put her car in reverse and began to back out of the parking stall. Chevra Shas Facts, ¶¶ 34-36; Lake

---

[2] The Amended Complaint names Shereshevsky as another Defendant. Shereshevsky answered the Amended Complaint on June 6, 2012, and has not since filed any further dispositive motions.

Charter Facts, ¶¶ 17-18; *see also* Pl. Facts, ¶ 7.  Upon backing out, Shereshevsky's car accelerated backwardly into the group of individuals waiting for the bus and struck Plaintiff as well as several other individuals before Shereshevsky stopped her car.[3]  Pl. Facts, ¶ 7; Lake Charter Facts, ¶¶ 17-20; Chevra Shas Facts, ¶¶ 35-37; *see also* Lake Charter Mot. Sum. Judg., Ex. K, 9.  Plaintiff, in particular, was knocked to the ground by Shereshevsky's car after it hit her right side and right leg and ended up underneath the vehicle.  Plaintiffs Facts, ¶ 7.  Police and paramedics responded to the accident, and Shereshevsky ultimately received a citation for careless driving.  Lake Charter Facts, ¶ 20.  Plaintiff was transported to a nearby hospital and received medical treatment for her injuries.  *See* Pl. Omnibus Opp., Ex. A (Pl. Affidavit), ¶ 17; *see also* Lake Charter Mot. Sum. Judg., Ex. K, 18.

On April 16, 2012, Plaintiff filed an Amended Complaint against Defendants. Fact discovery concluded on April 30, 2013, *see* Dkt. No. 18 (Scheduling Order), and subsequently, Lake Charter moved for summary judgment on July 11, 2013, and Chevra Shas cross-moved for summary judgment on August 20, 2013.  Plaintiff has filed an omnibus opposition to both motions, Lake Charter filed a response to Chevra Shas' motion, and both Lake Charter and Chevra Shas have filed replies to Plaintiff's omnibus opposition.  Additional facts will be set forth as necessary.

---

[3]  There is some dispute as to whether the car malfunctioned, which caused it to accelerate faster than Shereshevsky anticipated; for reasons explained *infra* in this Opinion, this disputed fact is not material to resolving the parties' motions.  It is sufficient that the parties agree that Shereshevsky backed her vehicle out of the stall on her own volition.

4

## II. STANDARD OF REVIEW

A moving party is entitled to judgment as a matter of law where there is no genuine issue as to any material fact. *See* Fed R. Civ. P. 56(c); *Brooks v. Kyler*, 204 F.3d 102, 105 n.5 (3d Cir. 2000) (citing Fed R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). The burden of demonstrating the absence of a genuine issue of material fact falls on the moving party. *See Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 305 (3d Cir. 1999). Once the moving party has satisfied this initial burden, the opposing party must identify "specific facts which demonstrate that there exists a genuine issue for trial." *Orson*, 79 F.3d at 1366.

Not every issue of fact will be sufficient to defeat a motion for summary judgment; issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Further, the nonmoving party cannot rest upon mere allegations; he must present actual evidence that creates a genuine issue of material fact. *See* Fed R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249 (citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)). In conducting a review of the facts, the non-moving party is entitled to all reasonable inferences and the record is construed in the light most favorable to that party. *See Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). Accordingly, it is not the Court's role to make findings of fact, but to analyze the facts presented and determine if a reasonable jury could return a verdict for the nonmoving party. *See Brooks*, 204 F.3d at 105 n.5 (citing *Anderson*, 477 U.S. at 249); *Big Apple BMW v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

Both Lake Charter and Chevra Shas move for summary judgment on the Amended Complaint. Chevra Shas' principle moving grounds is based on New Jersey's charitable immunity law.[4] Specifically, Chevra Shas contends that it satisfies the statutory definition of a charitable organization, and that the facts of this case bring Plaintiff's claims within the scope of the statute and are therefore barred. Lake Charter, without conceding any negligence on its part, principally argues summary judgment in its favor is proper because Shereshevsky's operation of her automobile constitutes a superseding intervening cause that, under New Jersey law, severs the causal chain with respect to Lake Charter's actions and, thereby, any liability that otherwise potentially would have extended to Lake Charter. Chevra Shas also adopts Lake Charter's superseding intervening cause defense, should the Court find that Chevra Shas is not entitled to charitable immunity.[5] Lastly, both Lake Charter and Chevra Shas argue that Plaintiff failed to provide, in discovery or in opposition to the summary judgment motions, any evidence showing that Plaintiff's alleged injuries arose out of the accident on August 14, 2010, and accordingly contend that summary judgment is further proper on the basis that Plaintiff has not shown that her alleged injuries were proximately caused by the accident. Plaintiff opposes each of these grounds for summary judgment, relying in her omnibus motion on the record, an affidavit from Plaintiff, and a partial affidavit from a licensed professional engineer. For the reasons that follow, the Court finds that

---

[4] In a diversity case, state law applies to any substantive claim. In this case, although no party has explicitly informed the Court of the appropriate law, all parties rely on New Jersey law in their motion papers. Accordingly, the Court will apply New Jersey law to the substantive claims in this case.

[5] Additionally, both Lake Charter and Chevra Shas have advanced arguments in their papers directed at each other.

6

summary judgment is proper in favor of both Lake Charter and Chevra Shas on the basis that Shereshevsky's actions were a superseding intervening cause.[6]

Lake Charter and Chevra Shas move for summary judgment on the Amended Complaint on the ground that Plaintiff's alleged injuries resulted purely from Shereshevsky, whose actions constitute a superseding and intervening cause, severing the causal chain from Lake Charter and/or Chevra Shas. Specifically, Lake Charter argues that the undisputed facts demonstrate that Plaintiff's alleged injuries arose solely from Shereshevsky, who "struck Plaintiff with her vehicle without any consideration for the placement [of Lake Charter's] bus," and thus Shereshevsky was "the superseding cause that relieves Lake Charter bus of liability for any supposed negligence." Lake Charter Br., 7. Chevra Shas adopts Lake Charter's intervening defense arguments, contending that Shereshevsky's actions also relieve Chevra Shas from any potential liability for Plaintiff's alleged injuries. Plaintiff opposes Lake Charter and Chevra Shas' superseding cause defense, contending that Shereshevsky's decision to reverse her car while the bus

---

[6] For this reason, I need not reach Chevra Shas' argument that it is entitled to immunity under the New Jersey Charitable Immunity Act ("NJCIA"), N.J. Stat. Ann. § 2A:53A–7. Nevertheless, I pause to note briefly that after reviewing the record and the relevant New Jersey case law discussing the application of the NJCIA, it appears that Chevra Shas would likely be entitled to immunity under the statute—Chevra Shas appears to satisfy the statutory criteria of being a non-profit entity organized exclusively for religious and charitable purposes, and, under the broad application required by the statute, Plaintiff appears to be a beneficiary of Chevra Shas' works. *See O'Connell v. State*, 171 N.J. 484, 489 (2002); *Bieker v. Cmty. House of Moorestown,* 169 *N.J.* 167, 175 (2001); *Hehre v. DeMarco*, 421 N.J. Super. 501, 507 (Super. Ct. App. Div. 2011); *Auerbach v. Jersey Wahoos Swim Club*, 368 N.J. Super. 403, 411 (Super. Ct. App. Div. 2004); *Loder v. St. Thomas Greek Orthodox Church*, 295 N.J. Super. 297, 303 (App. Div. 1996). That said, I reiterate that I make no conclusive determination in this regard.

Similarly, I need not resolve Lake Charter and Chevra Shas' contention that Plaintiff has failed to timely disclose any medical witness and related evidence regarding the nature of Plaintiff's injuries and whether they arose from the accident as Plaintiff contends, as this issue does not relate to whether Shereshevsky was a superseding cause.

and other individuals were still in the parking lot was foreseeable such that the causal chain is not severed.

To be sure, Plaintiff contends that Lake Charter, as a common carrier, owed Plaintiff a duty to provide a safe place for passengers such a Plaintiff to board its bus, and that Lake Charter breached this duty by choosing a parking lot as loading/unloading zone. Likewise, Plaintiff argues that Chevra Shas, as owner of the parking lot property and being aware that Lake Charter used the parking lot as a stop for its bus service, owed Plaintiff a duty to provide a safe passage across its premises to the bus and to otherwise prevent a dangerous condition from existing on its premises. In arguing that Shereshevsky was a superseding, intervening cause, neither Lake Charter nor Chevra Shas concede that they owed a duty to Plaintiff or that their actions were in any way the cause of Plaintiff's alleged injuries, and I make no determination in regard. Instead, I decide Lake Charter's and Chevra Shas' motions solely on their defense of superseding liability. I therefore do not need to reach Plaintiff's arguments as to whether Lake Charter or Chevra Shas owed or breached any duty with respect to Plaintiff.

To establish negligence under New Jersey law, "a plaintiff must prove four core elements: (1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages." *Polzo v. Cnty. of Essex*, 196 N.J. 569, 584 (2008) (internal quotation marks omitted). With respect to the issue of causation, the New Jersey Appellate Division has explained:

> The causal connection may be broken by a superseding intervening cause. Such a cause must be one that so entirely supersedes the operation of the first tortfeasor's negligence that it alone caused the injury, without the first tortfeasor's negligence contributing thereto in any material way. But where the original tortfeasor's negligence is an essential link in the chain of causation, such a causal connection is not broken if the intervening

8

cause is one which might, in the natural and ordinary course of things, be anticipated as not entirely improbable.

*Davis v. Brooks*, 280 N.J. Super. 406, 412-13 (Super. Ct. App. Div. 1993) (collecting cases); *see also Lynch v. Scheininger*, 162 N.J. 209, 227 (2000) ("Because the number and kinds of causes that can intervene after a defendant's negligence are virtually without limit, courts have attempted to resolve questions of superseding cause by focusing on whether the intervening cause is so closely connected with the defendant's negligent conduct that responsibility should not be terminated."); *Bandel v. Friedrich*, 235 N.J. Super. 384, 390 (Super. Ct. App. Div. 1989) ("A tortfeasor is answerable for the consequences of wrongful conduct despite the occurrence of an intervening cause of the harm so long as the intervening cause was foreseeable." (Citing *Rappaport v. Nichols*, 31 N.J. 188, 203-204 (1959)) *aff'd,* 122 N.J. 235 (1991); *McKenna v. City of Philadelphia*, 649 F.3d 171, 178 (3d Cir. 2011) (applying federal law) ("Proximate cause requires only some direct relation between the injury asserted and the injurious conduct alleged, and excludes only those link[s] that are too remote, purely contingent, or indirect. . . . A cause can be thought superseding only if it is a 'cause of independent origin that was not foreseeable.'"). Thus, in order for summary judgment to be appropriate on the issue of superseding cause, Lake Charter and Chevra Shas must show that it was not foreseeable that Plaintiff would be injured in the Capitol Motel parking lot by a vehicle pulling out of a parking stall, while she was waiting for the bus.

Plaintiff, as noted above, argues that by using a parking lot as a bus loading/unloading zone, and by parking the bus near Shereshevsky's parked car and where passengers were waiting to board, it was "eminently foreseeable" that a "car backing out of [a] parking space could strike a pedestrian or passenger standing in the

parking lot." Pl. Omni. Opp., 23. For this reason, Plaintiff contends that summary judgment should be denied on Lake Charter's defense of superseding cause.[7]

I begin with the undisputed facts, which show the following: Shereshevsky drove into the Capitol Motel parking lot with Plaintiff as her passenger and parked in a stall to wait for the Lake Charter bus, which had yet to arrive. Pl. Facts., ¶¶ 2-5. Shortly thereafter, the bus pulled into the parking lot and parked in an area several feet behind Shereshevsky's parked car. *Id.* at ¶ 4; Chevra Shas Facts, ¶¶ 31-32; Pl. Aff., ¶ 9; *see also* Lake Charter Mot. Sum. Judg., Ex. K, 10 (police report diagram of accident scene). Both Shereshevsky and Plaintiff got out of their car to gather Plaintiff's belongings from the car trunk; Plaintiff walked to the nearby parked bus, where other people were gathered, and Shereshevsky returned to her car's driver seat. Pl. Facts, ¶¶ 5-6; Lake Charter Facts, ¶¶ 16-17. At that point, before passengers had finished boarding the bus, and before the bus departed from the parking lot, Shereshevsky placed her car in reverse, backed out of the parking space, and caused her car to hit Plaintiff. Chevra Shas Facts, ¶¶ 34-36; Lake Charter Facts, ¶¶ 17-18; *see also* Pl. Facts, ¶ 7; Lake Charter Mot., Ex. F (Shereshevsky Dep.), T36:8-10 ("I got in my car, you know, and just started the ignition. I probably had like my pocketbook, sat down and backed out.").

Under these undisputed facts and New Jersey law, I find that Shereshevsky's action constitutes a superseding intervening cause. It is not reasonably foreseeable that

---

[7] Plaintiff additionally argues that summary judgment should be denied because there is a disputed issue of material fact as to whether Lake Charter's bus solely stops in the Capitol Motel parking lot, or also stops at an adjacent curb. Contrary to Plaintiff's assertion, this fact is not material to the analysis of the issue presented by Lake Charter and Chevra Shas' motions—whether it was reasonably foreseeable that, by using the parking lot on the day in question, Shereshevsky would operate her car in the manner that she did—and thus, the dispute over whether Plaintiff had previously boarded the bus from the parking lot is not sufficient to defeat summary judgment.

an individual in that parking lot would decide to place her parked car into reverse while the bus and individuals were still present behind the car, or without taking the due care to determine whether they were still present. *See, e.g.*, *Meyer v. Board of Ed. of Middletown Twp.*, 9 N.J. 46, 54-55 (1952) (finding defendant school board not liable as a matter of law for injury sustained by student from power jig-saw, even assuming school board's negligence in failing install safety device on saw, because intervening act of classmate of turning on the saw while student was cleaning it was a superseding cause breaking causal chain); *cf. Mukhoti v. Mercedes-Benz of Cherry Hill*, Civ. No. A-1825-07T2, 2008 WL 4646330, at *6 (N.J. Super. Ct. App. Div. Oct. 15, 2008) ("Accordingly, even if the record reveals a genuine dispute about whether the gearshift was defective in the manner described by plaintiff's expert, plaintiff's undisputed negligence in her operation of the vehicle was not a foreseeable consequence and constituted a superseding intervening cause of her injuries, rendering irrelevant the claim of a gearshift defect.").

More specifically, I conclude that (1) it was not reasonably foreseeable to either Lake Charter or Chevra Shas that by using the Capitol Motel parking lot as a bus stop, a person in a parked car—who was in the parking lot for purposes related to the bus service—would reverse her automobile into the group of individuals waiting to board the bus; or (2) even if it was foreseeable that a person in a parked car would try to operate their car to leave the parking stall and exit the parking lot while the bus and its passengers were still present nearby, it was not foreseeable that this individual would operate her car in the extraordinarily negligent manner that Shereshevsky did—*i.e.*, by failing to apprise herself of the whereabouts of the bus or passengers parked behind her car. *Accord Flint v. Langer Transp. Corp.*, 762 F. Supp. 2d 735, 740 (D.N.J. 2011) ("[A] third party's act is

an intervening, superseding cause if it was either unforeseeable, or was foreseeable but conducted in an extraordinarily negligent manner. Even if it was foreseeable that the Versene would need to be transferred out of Jackson's truck, *it was not foreseeable that the transfer would occur in this manner.*" (Emphasis added; citations and internal quotation marks omitted.)) *aff'd*, 480 F. App'x 149 (3d Cir. 2012).

I note further that it is uncontested that Shereshevsky was cited for reckless driving for her actions in the Capitol Motel parking lot on the night in question, with the charges later reduced to reckless driving. *See* Lake Charter Mot. for Summ. Judg., Ex. K (Police Report); *see also id.*, Ex. F (Shereshevsky Dep.), T112:10-T115:10. Although not dispositive on the issue, the fact that only Shereshevsky—and no other individual present that night—was cited for reckless driving further militates in favor of finding that Shereshevsky's actions are properly considered a superseding cause.[8]

Accordingly, I find that regardless of any duty owed to Plaintiff by Lake Charter or Chevra Shas, Shereshevsky's unilateral action to reverse her car in the parking lot without waiting for the passengers to board the Lake Charter bus, or for the bus to depart, is an in intervening cause that supersedes any action of Lake Charter or Chevra Shas. Summary judgment is therefore granted to Lake Charter and Chevra Shas on their defense of superseding intervening cause.

---

[8] The Third Circuit has held that a police report is admissible evidence under the "public records" exception to the hearsay rule. F.R.E. 803(8); *United States v. Versaint*, 849 F.2d 827, 831 & n.9 (3d Cir. 1988). Plaintiff has not objected to Lake Charter's reliance on the police report of the accident, which appears to satisfy the requirements of Fed. R. Evid. 803(8), including trustworthiness. Nevertheless, even if the police report were inadmissible, it would not alter my conclusion that Shereshevsky was a superseding intervening cause.

**CONCLUSION**

For the reasons stated above, the Court grants Chevra Shas' and Lake Charter's motions for summary judgment on the defense of superseding intervening cause for Plaintiff's claims against these Defendants. An appropriate Order shall follow.


Date: January 24, 2014 /s/ Freda L. Wolfson
FREDA L. WOLFSON, U.S.D.J.