**\*NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

|  |  |  |
|---|---|---|
| SARAH ROTENBERG, | : | |
| | : | |
| Plaintiff | : | Civ. No. 12-2155 (FLW) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| | : | |
| LAKE CHARTER BUS CORP., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

_____ :

**WOLFSON, United States District Judge**:

Presently before the Court is Plaintiff Sarah Rotenberg's ("Plaintiff")motion for reconsideration, under L. Civ. R. 7.1(i), of this Court's Opinion and Order dated January 24, 2014.  Specifically, Plaintiff moves the Court to reconsider its decision to grant summary judgment in favor of Defendants Lake Charter Bus Corp. ("Lake Charter") and Chevra Shas, d/b/a The Capitol Motel ("Chevra Shas") (collectively "Defendants") in this tort action.  Defendants oppose Plaintiff's motion on the grounds that Plaintiff has failed to meet her burden of demonstrating that reconsideration is appropriate.  For the following reasons, the Court denies Plaintiff's motion.

**BACKGROUND**

On this motion for reconsideration, only a brief recitation of the relevant facts is necessary; additional facts can be found in my Opinion dated October 17, 2013.[1]  *See*

_____

[1]     Similarly, I address only the portion of my decision on which Plaintiff bases her motion for reconsideration.

*Rotenberg v. Lake Charter Bus Corp.*, Civ. No. 12-2155(FLW), 2014 WL 284255 (D.N.J. Jan. 24, 2014).

Lake Charter is a common carrier charter bus operator that for several years has operated a daily bus service between the primarily Orthodox Jewish community in the town of Lakewood, New Jersey, and Brooklyn, New York.  As relevant to the instant matter, Lake Charter's Lakewood-Brooklyn service stops in or near property located at 325 7th Street, Lakewood, which includes a building named the Capitol Motel, a parking lot, and adjacent sidewalks and curbs (the "Capitol Motel"), of which Chevra Shas is the owner.  It is in this parking lot that the accident supporting Plaintiff's claims occurred.

Around 10:00 p.m. on the night in question, August 14, 2010, Plaintiff's sister, Chana Shereshevsky ("Shereshevsky")[2] drove Plaintiff from Shereshevsky's home in Lakewood to the Capitol Motel so that Plaintiff could board a Lake Charter bus to return to her home in Brooklyn.  Shereshevsky drove her car into the parking lot of the Capitol Motel, pulled into a marked parking stall, and parked her car to wait for the Lake Charter bus.  Shortly thereafter, a Lake Charter bus pulled into the parking lot and parked behind Shereshevsky's parked car.  Both Plaintiff and Shereshevsky exited the car at that point; Shereshevsky helped Plaintiff remove her luggage from the car's trunk and then returned to the driver seat while Plaintiff walked from the rear of the car to the parked Lake Charter bus.  At some point after Plaintiff had left the car, but before she or other individuals had boarded the still-parked bus, Shereshevsky put her car in reverse and began to back out of the parking stall.  Upon backing out, Shereshevsky's car accelerated backwardly—either

---

[2]    Shereshevsky was originally a named defendant in this matter, but on July 21, 2014, while Plaintiff's motion for reconsideration was pending, the parties stipulated to Shereshevsky's dismissal. *See* Dkt. No. 52.

through a malfunction of the accelerator or Shereshevsky's own doing—into the group of individuals waiting for the bus and struck Plaintiff, knocking her to the ground under Shereshevsky's car.  Police and paramedics responded to the accident, and Shereshevsky ultimately received a citation for careless driving.  Plaintiff was transported to a nearby hospital and received medical treatment for her injuries.

On April 16, 2012, Plaintiff filed an Amended Complaint against Defendants.  Lake Charter moved for summary judgment, and Chevra Shas cross-moved for summary judgment.  Plaintiff filed an omnibus opposition to both motions, Lake Charter filed a response to Chevra Shas' motion, and both Lake Charter and Chevra Shas filed replies to Plaintiff's omnibus opposition.  On January 24, 2014, I granted both Defendants' motions.

In determining whether summary judgment was appropriate for Defendants, I addressed their argument that Shereshevsky's operation of her automobile constituted a superseding intervening cause that, under New Jersey law, severed the causal chain with respect to either Lake Charter's or Chevra Shas' actions and, thereby, any liability that otherwise potentially would have extended to Defendants.  I began by noting that, to establish negligence under New Jersey law, "a plaintiff must prove four core elements: (1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages." *Polzo v. Cnty. of Essex*, 196 N.J. 569, 584 (2008) (internal quotation marks omitted). Nevertheless, I also explained that it is well settled that, with respect to the issue of causation, the "causal connection may be broken by a superseding intervening cause." *Davis v. Brooks*, 280 N.J. Super. 406, 412-13 (Super. Ct. App. Div. 1993) (collecting cases).  In that regard, I determined that, as a matter of law, Shereshevsky's actions constituted a superseding intervening cause because it is not reasonably foreseeable that an

3

individual in that parking lot would decide to place her parked car into reverse while a bus and individuals were still present behind the car, without taking the due care to determine whether they were still present.  I further concluded that it was unnecessary to determine whether Defendants owed Plaintiff any duty of care, or whether they breached that duty, because of Shereshevsky's intervening superseding cause—which prevented Plaintiff from imposing liability on Defendants regardless of any duty owed and breached.[3]  Accordingly, I granted Defendants' motions for summary judgment.

On February 28, 2014, Plaintiff filed a motion for reconsideration of my January 24, 2014 decision under Rule 60(b)(1) and L. Civ. R. 7.1(i), arguing that reconsideration is warranted because my decision to grant summary judgment in Defendants' favor was premised on a mistaken understanding of New Jersey law.  Defendants opposed Plaintiff's motion.[4]

**STANDARD OF REVIEW**

Local Rule 7.1(i) allows parties to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the initial motion. L. Civ. R. 7.1(i). The burden on the moving party, however, is quite high. The movant must demonstrate either: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).  The Court will grant such a motion only if the matters overlooked might reasonably have resulted in a different conclusion.

---

[3]     To be sure, I made no determination as to whether Defendants actually owed any duty to Plaintiff.
[4]     Plaintiff also filed a reply, which is not permitted without prior leave of the Court on a motion for reconsideration.  *See* L. Civ. R. 7.1.  In any event, nothing in the reply alters my analysis in this Opinion.

*Bowers v. Nat'l Collegiate Athletic Ass'n.*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) *rev'd on other grounds by* 475 F.3d 524 (3d Cir. 2007).

The reconsideration vehicle may not be used by parties to "restate arguments that the court has already considered." *Lawrence v. Emigrant Mortg. Co.*, Civ. No. 11-3569, 2012 WL 5199228, *2 (D.N.J., Oct. 18, 2012). Nor may be it used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc. v. Comm. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (internal citation omitted). Instead, "a difference of opinion with the court's decision should be dealt with through the normal appellate process." *Dubler v. Hangsterfer's Laboratories*, Civ. No. 09- 5144, 2012 WL 1332569, *2 (D.N.J., Apr. 17, 2012) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d at 612).

**DISCUSSION**

Plaintiff contends that the Court should reconsider its determination that summary judgment in Defendants' favor is proper.[5] Specifically, Plaintiff argues that it was a

---

[5]     While motions for reconsideration are not expressly permitted by the Federal Rules of Civil Procedure, motions for reconsideration are considered under L. Civ. R. 7.1(i) as either motions to amend or alter a judgment under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R .Civ. P. 60(b), which is the appropriate rule here in light of my decision to grant summary judgment. *See* Fed. R. Civ. P. 60(b); *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). In that connection, "[t]he general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). The "party moving under Rule 60(b) for relief from a judgment or order must clearly establish the grounds therefor to the satisfaction of the district court." *Tally v. City of Atlantic City*, Civ. No. 04-1146, 2007 WL 2021792, at *3 (D.N.J. July 10, 2007). Rule 60(b) is a provision for *extraordinary relief*, which will be granted only upon a showing of exceptional

mistake for this Court to conclude that Shereshevsky's actions constituted a superseding intervening cause without first determining the scope of the duty Defendants owed Plaintiff. In that connection, Plaintiff relies on the same New Jersey cases cited in my previous summary judgment decision, arguing that those cases support Plaintiff's argument. Plaintiff further contends that once a determination as to Defendants' duty is made, then it becomes clear that Defendants breached that duty in this case and that Shereshevsky's conduct was not a superseding intervening cause because it was reasonably foreseeable.

As discussed above, "it is improper on a motion for reconsideration to 'ask the Court to rethink what it had already thought through—rightly or wrongly.'" *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012) (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). Rule 7.1(i) does not allow for a party to repeat arguments already considered by the court. *See Bermingham v. Sony Corp. Of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994).

In their motion for reconsideration, Plaintiff fails to argue that this Court actually "overlooked" any factual or legal issue that may alter the disposition of the matter. Instead, Plaintiff contends that the Court incorrectly found that Shereshevsky's actions constituted a superseding intervening cause because the Court, improperly, did not first determine

---

circumstances. *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993). These are the same principles that factor into a reconsideration analysis under L. Civ. R. 7.1(i). *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (explaining that the scope of a motion for reconsideration is "extremely limited" and may not "be used as an opportunity to relitigate the case"); *Caver v. City of Trenton*, 420 F.3d 243, 258 (3d Cir. 2005) (noting that it is well settled that a motion for reconsideration is an extraordinary remedy and should be granted "very sparingly"). Thus, although Plaintiff frames her reconsideration arguments through Rule 60(b), I analyze Plaintiff's motion under L. Civ. R. 7.1(i).

whether Defendants owed a duty to Plaintiff. In other words, Plaintiff simply disagrees with this Court's assessment that Shereshevsky's *undisputed* actions were not foreseeable under any duty that Defendants might have owed Plaintiff. Indeed, review of Plaintiff's entire motion for reconsideration reveals that Plaintiff is simply asserting that, contrary to my decision, it was foreseeable that an individual would be operating their car in the parking lot in the same manner as did Shereshevsky. Yet, this is identical to the argument raised by Plaintiff that I considered in my previous decision. *See Rotenberg v. Lake Charter Bus Corp.*, 2014 WL 284255, at *5 (D.N.J. 2013) ("Plaintiff, as noted above, argues that by using a parking lot as a bus loading/unloading zone, and by parking the bus near Shereshevsky's parked car and where passengers were waiting to board, it was "eminently foreseeable" that a "car backing out of [a] parking space could strike a pedestrian or passenger standing in the parking lot." Pl. Omni. Opp., 23. For this reason, Plaintiff contends that summary judgment should be denied on Lake Charter's defense of superseding cause"). I rejected Plaintiff's argument, finding that "[i]t is not reasonably foreseeable that an individual in that parking lot would decide to place her parked car into reverse while the bus and individuals were still present behind the car, or without taking the due care to determine whether they were still present." *Id.* Furthermore, I noted that:

> even if it was foreseeable that a person in a parked car would try to operate their car to leave the parking stall and exit the parking lot while the bus and its passengers were still present nearby, it was not foreseeable that this individual would operate her car in the extraordinarily negligent manner that Shereshevsky did—*i.e.*, by failing to apprise herself of the whereabouts of the bus or passengers parked behind her car.

*Id.* at *6.

The crux of Plaintiff's reconsideration motion is that I incorrectly determined, as a matter of law on undisputed facts, that Plaintiff could not hold Defendants liable for her

alleged injuries because Shereshevsky's actions were not reasonably foreseeable.  Plaintiff has not presented the Court with any change in controlling law, factual issues that were overlooked, newly discovered evidence, or clear errors of law that are necessary for reconsideration.  To the contrary, Plaintiff merely disagrees with the result of my previous decision, and thus, Plaintiff's challenge to my decision is better suited for the appellate process, not reconsideration.[6]  *Bowers*, 130 F. Supp. 2d at 612 (noting that a difference of opinion with the court's decision should be dealt with through the normal appellate process); Fed. R. Civ. P. 60(b); L. Civ. R. 7.1(i).  Consequently, Plaintiff cannot satisfy the threshold for granting a motion for reconsideration of this Court's Opinion and Order dated January 24, 2014.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration of this Court's January 24, 2014 Order and Opinion is denied.

---

[6]     I further note that even if I were to grant Plaintiff's reconsideration motion, my decision to grant summary judgment to Defendants would not be altered.  As noted above, Plaintiff contends that I mistakenly analyzed Defendants' superseding intervening cause defense prior to making an explicit determination regarding the duty, if any, that Defendants owed Plaintiff under the circumstances.  Assuming *arguendo* that New Jersey law requires that a court determine the scope of an alleged tortfeasor's duty prior to making a determination on causation—which is not a rule found in the cases cited by Plaintiff, *see, e.g.*, *Flint v. Langer Transp. Corp.*, 762 F. Supp. 2d 735, 740 (D.N.J. 2011) (explaining that in undertaking a superseding cause analysis, "there is no need to determine whether the actor's antecedent conduct was or was not a substantial factor in bringing about the harm")—and even if I were to determine that Defendants had a duty to provide Plaintiff with a reasonably safe environment from which to wait for and board a bus, I would still nevertheless conclude that Shereshevsky's actions constituted an unforeseeable, superseding intervening cause, severing the causal chain from Defendants' allegedly negligent conduct and precluding Plaintiff from holding Defendants liable for their actions. *See Lynch v. Scheininger*, 162 N.J. 209, 227 (2000).  Accordingly, even under Plaintiff's reconsideration arguments, I would reaffirm my decision to grant summary judgment in Defendants' favor.

Dated: July 28, 2014                    /s/ Freda L. Wolfson
                                        Hon. Freda L. Wolfson, U.S.D.J.